**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 21-31811-H3-11 |
| | § | |
| 1917 Heights Hospital, LLC, | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**DEBTOR'S CHAPTER 11 STATUS CONFERENCE STATEMENT**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES
BANKRUPTCY JUDGE:**

COMES NOW, 1917 Heights Hospital, LLC (the "***Debtor***"), and files this, *Debtor's Chapter 11 Status Conference Statement* (the "***Status Conference Statement***").

**I.
SUMMARY OF THE BANKRUPTCY CASE**

1.      The Debtor owns a medical office building (the "***Building***").  Multiple purported liens encumber the Building.  The Building was scheduled for a foreclosure sale by an entity that asserts it acquired a note and accompany liens on and related to the Building from the actual lender ("***Actual Lender***") that lent the Debtor money ("***Asserted Lien Holder***").

2.      The Debtor initiated the Chapter 11 proceeding for multiple reasons.  A primary reason was because pre-petition the Debtor executed a sales contract to sell the Building for a sales price exceeding its total known purported secured debts.  A secondary reason was because a foreclosure sale would likely result in an artificially low forced sales price resulting in no distributions to any inferior lien holders, and no distributions to any unsecured creditors.

3.      Since filing Chapter 11, the Debtor has continued to negotiate the sales contract with the purchaser.  The parties are presently finalizing an addendum to the sales contract.  Once this addendum is fully agreed upon and executed, it is currently anticipated that the sales contract

1

will no longer be terminable at will by the purchaser.  The Debtor presently intends to then seek Bankruptcy Court approval of such proposed sale through a Section 363 motion.

4.      The Debtor presently has no reason to believe that the anticipated purchaser under the sales contract will not timely close once the addendum is finalized.

5.      It is presently anticipated that this sale should likely generate sufficient funds to allow the Debtor to make a very meaningful distribution to general unsecured creditors through a subsequently filed Chapter 11 plan.

6.      The Debtor presently expects to receive an offer for the Building from another potential purchaser.

7.      It is important to note that the Asserted Lien Holder took physical possession of the Building in mid-December of 2020.  Since such time, the Asserted Lien Holder has operated the Building through a building management company.

8.      The Building presently has only one tenant, and the Building requires certain repairs.  The Debtor is seeking to work with the tenant on these repairs in good faith.  The tenant's rent is approximately $70,000 per month.

9.      The Debtor is a single asset real estate Debtor.  The Debtor has not waived, does not waive, and hereby expressly preserves, any and all rights and remedies it may have under the Bankruptcy Code, other applicable law and/or under any agreement, including without limitation regarding the Building, its rents and possession thereof, the anticipated Section 363 motion, the anticipated Chapter 11 plan, claims against any entity and any claims against the Debtor.

10.     The Debtor presently anticipates timely selling the Building with Bankruptcy Court authority and then to seek confirmation of a Chapter 11 plan.

**II.**
**DEBTOR'S ANSWERS TO THE**
**COURT'S STATUS CONFERENCE QUESTIONS**

**A.  The business, financial and other problems that prompted the filing of this case.**

11.     The Debtor's largest tenant breached its lease and improperly vacated the Building.  This caused a significant, sudden, and detrimental reduction in the Debtor's cash flow. The Building occupancy dropped from approximately 95% to 40%.  Augmenting these problems caused by tenant's material breach, were renovations required to the now vacant space necessary to attract prospective new tenants.  To accomplish these required renovations and to retire the then first lien holder's debt, the Debtor received a large short-term loan on *very* unfavorable terms from the Actual Lender.  The Debtor took all such actions with the good faith belief that the short-term loan would be timely refinanced on better loan terms once the new tenants were acquired because the Building would be more attractive to prospective lenders with a large occupancy rate.

12.     While the renovations were mostly completed, sufficient *paying* new tenants were not timely acquired.  While a new tenant moved in, it failed to pay rent.  The Debtor believes that such new tenant likely improperly used certain information it gained by virtue of its tenancy in the Building and contractual lease relationship with the Debtor to the Debtor's detriment sabotaging the Debtor's refinance efforts.  The Actual Lender apparently financed and "sold" the note and deed of trust to the Asserted Secured Creditor.  The Debtor scheduled causes of action regarding these events.  The short-term loan matured.  The Debtor was unable to refinance.  The Building was posted for foreclosure.

**B. Attendance at a meeting of creditors pursuant to 11 U.S.C. §341(a).**

12.     The Section 341 meeting of creditors has not yet occurred, and it is presently scheduled for July 8, 2021.

**C. Estate's need for professionals (e.g., attorneys, accountants, brokers, etc.).**

13.     An application to employ general bankruptcy counsel has been timely filed [dkt. no. 18].  A real estate broker is not involved in the current Building sales contract.  It is unclear at this time whether additional professionals may be required.

**D. Unique issues concerning secured debt, employees, cash collateral, executory contracts and existing management.**

14.     The Building is currently in the possession of the Asserted Lien Holder.  The Building is being operated and managed by the Asserted Lien Holder and its hired management company.  The Asserted Lien Holder has been receiving the rents.

**E. Post-petition operations and revenue.**

15.     Presently, the Asserted Lien Holder is in possession of the Building and its management company is managing the Building.  One tenant is currently occupying the Building.  Rent is approximately $70,000.00 per month.  Since mid-December of 2020, the Asserted Lien Holder has been collecting rents.

**F. Status of any litigation pending in or outside this Court.**

16.     As disclosed in the Statement of Financial Affairs, the Debtor was involved in certain prepetition state court litigation.  Any and all such litigation against the Debtor is stayed by Section 362.

**G. Compliance with requests for information from the United States Trustee including, but not limited to, request made in the Initial Debtor Interview.**

17.     The Debtor has cooperated and will continue to cooperate with the United States Trustee.  While the Debtor to date has provided the majority of the information requested by the United State Trustee, the Debtor is diligently working through a few remaining issues.  The Debtor presently anticipates that such remaining issues will be fully resolved prior to the Section 341 Meeting of Creditors and the Status Conference before this Court.

**H. Type and adequacy of insurance coverage.**

18.     The Debtor is not in possession of the Building.  The Asserted Lien Holder maintains a commercial property insurance policy with at least $28 million in coverage and is required under its written contract with its management company to maintain certain additional insurance on the Building, including a general liability policy with coverage of at least $5 million per occurrence.  While the Debtor has a copy of the commercial property insurance policy, it is in the process of obtaining a copy of the general liability policy.  Additionally, the Building's sole tenant is required to maintain a general liability policy with coverage of $1 million per occurrence with a $2 million aggregate.  The Debtor is in the process of obtaining this policy as well.

19.     Out of an abundant of caution, the Debtor purchased its own insurance policies, including a property insurance policy in the amount of $50 million, a general liability policy with coverage of $1 million per occurrence with a $2 million aggregate, as well as an additional umbrella policy of $3 million dollars.  The Debtor believes that all such insurance policies in the aggregate presently appear adequate in coverage and dollar amount.

**I.   An outline of the proposed plan.**

20.      While not a plan solicitation as prohibited by Section 1125(b) and without waiving any and all rights provided for in Section 1129, *et seq*., after closing the anticipated Building sale, the Debtor presently intends to prepare and submit a Chapter 11 plan providing for distributions of the anticipated sales proceeds to allowed claim holders as required by the Bankruptcy Code and to the extent that assets may remain, for such assets to be retained by the reorganized debtor.  The Debtor hereby reserves the right to seek plan confirmation as permitted by Section 1129, *et seq.*

**J.   A proposed schedule for filing and confirming the proposed plan.**

21.      The Debtor presently intends to timely file a confirmable plan after the anticipated Building sale closes.  The Debtor's also presently anticipates that such a plan may be filed within approximately 60 days of the date of this submission.  This timing may change depending on various issues and future business decisions made by the Debtor.

**K.   Debtor-In-Possession Bank Account.**

22.      The Debtor is in the process of opening a Debtor-In-Possession bank account.  As noted above, the Asserted Lien Holder has been collecting the rents and on the petition date, the Debtor held approximately $425.00 in its only prepetition bank account.

**L.   Any other matters that might materially affect the administration of this case.**

23.      The Debtor is currently unaware of additional facts not already stated in this document that may materially affect the administration of this case.

**WHEREFORE,** the Debtor respectfully requests that the Bankruptcy Court grant it any and all relief, legal or equitable, special or general throughout this bankruptcy proceeding to which the Debtor may be entitled.

DATED this the 2nd day of July 2021.

Respectfully submitted,

*/s/ Steven Shurn*
Steven Shurn   TBN 24013507
sshurn@hwa.com
HUGHES WATTERS ASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
(713) 410-2139 Cell Phone

**PROPOSED COUNSEL FOR DEBTOR**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Chapter 11 Status Conference Statement* was served to all parties-in-interest listed on the "Service List" attached hereto by U.S. Mail, First Class, postage prepaid on this the 2nd day of July, 2021.

*/s/ Steven Shurn*
Steven Shurn

7

## "SERVICE LIST"

## Case No. 21-31811-H5-11

## 1917 HEIGHTS HOSPITAL, LLC, DEBTOR

**DEBTOR:**

1917 Heights Hospital, LLC
1917 Ashland Street, #300
Houston, Texas  77018

**DEBTOR'S ATTORNEY:**

Steven Shurn, Attorney
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas  77002

**U.S. TRUSTEE**

Office of the U.S. Trustee
Attn:  Stephen Statham, Attorney
515 Rusk, Suite 3516
Houston, Texas  77002

**SECURED CREDITORS:**

1917 Ashland Street 2, LLC
c/o Madison Realty Capital
520 Madison Avenue, Suite 3501
New York, New York  10022

Ann Harris Bennett, Tax Assessor
7300 N. Shepherd Drive
Houston, Texas  77091

Arbitra Capital Partners, LLC
c/o Miles Cohen, Attorney
Crain Caton & James
1400 McKinney Street, Suite 1700
Houston, Texas  77010

Barber Plumbing Services, LLC
4006 East Timber Cut Court
Pearland, Texas  77584

Carrier Rental Systems
35961 Eagle Way
Chicago, Illinois  60678

Harris County Appraisal District
13013 Northwest Freeway
Houston, Texas  77040-6305

Thyssen Krupp Elevator Corp.
P. O. Box 933004
Atlanta, Georgia  31193-3004

Wilson Fire Equipment & Service Comp
7303 Empire Central Drive
Houston, Texas  77040

**UNSECURED CREDITORS:**

3M Company
General Offices/3M Center
St. Paul, Minnesota  55114-1000

ABC Homes and Commercial Services
11934 Barker Cypress Road
Cypress, Texas  77433

3088664v1

**"SERVICE LIST"**

**Case No. 21-31811-H5-11**

**1917 HEIGHTS HOSPITAL, LLC, DEBTOR**

**UNSECURED CREDITORS:**

Airgas USA, LLC
P. O. Box 676015
Dallas, Texas  75267-6015

Comcast
P.O. Box 37610
Philadelphia, Pennsylvania  19101-0601

AT&T Wireless
P. O. Box 105414
Atlanta, Georgia  30348-5414

Decorative Floors & More, LLC
6709 Carvel Lane
Houston, Texas  77074

Baker Tilly Virchow Krause, LLP
11750 Katy Freeway, Suite 1100
Houston, Texas  77079

DirectTV
P. O. Box 105249
Atlanta, Georgia  30348-5249

BeaconMedaes, LLC
1059 Paragon Way
Rock Hill, South Carolina  29730

Dolphin Plumbing
P. O. Box 7429
Houston, Texas  77008

Bettencourt Tax Advisors
730 N. Post Oak Road, Suite 400
Houston, Texas  77024

Entech Sales & Service, LLC
3404 Garden Brook Drive
Dallas, Texas  75234-2444

CenterPoint Energy
P. O. Box 4981
Houston, Texas  77024

ETS Environmental Testing Services, LLC
10908 Metronome Drive
Houston, Texas  77043

Chem-Aqua, Inc.
P. O. Box 971269
Dallas, Texas  75397-1269

Facilities Survey, Inc.
400 Penn Center Boulevard, Suite 552
Pittsburgh, Pennsylvania  15235

City of Houston – Utility Bill
P. O. Box 1560
Houston, Texas  77251-1590

First Class Generator Services
P. O. Box 1373
Cypress, Texas  77410-1373

Comcast Business
P. O. Box 660618
Dallas, Texas  75266-0618

GFL Environmental
P. O. Box 555193
Detroit, Michigan  48255-5193

3088664v1

**"SERVICE LIST"**

**Case No. 21-31811-H5-11**

**1917 HEIGHTS HOSPITAL, LLC, DEBTOR**

**UNSECURED CREDITORS:**

HCSG Staff Leasing Solutions, LLC
3220 Tillman Drive
Bensalem, Pennsylvania  19020

IntegraNet Physician Resource, Inc.
1900 North Loop West, Suite 400
Houston, Texas  77018

Janitors Warehouse of Houston
6546-A Petropark Drive
Houston, Texas  77041

Johnson Controls Fire Protection, LP
4700 Exchange Court, Suite 300
Boca Raton, Florida  33431

Kings III of America
7510 Canyon Drive, Suite 100
Coppell, Texas  75019-3857

Kyle A. Fitch
c/o Eric J. Cassidy, Attorney
909 Fannin Street, Suite 3800
Houston, Texas  77010

LEI Grounds Groomers/Lightfoot Ent., Inc.
P. O. Box 267
Vidor, Texas  77670

Lingard Fitch
c/o Eric J. Cassidy, Attorney
909 Fannin, Suite 3800
Houston, Texas  77010

LKL Development Group, LLC
c/o Eric J. Cassidy, Attorney
909 Fannin, Suite 3800
Houston, Texas  77010

Med Center Developers, LLP
1900 North Loop West, Suite 120
Houston, Texas  77018

Mueller Water Conditioning, Inc.
P. O. Box 975118
Dallas, Texas  75397-5118

Presto-X
P. O. Box 13848
Reading, Pennsylvania  19612-3848

Sabre Electric Company
P. O. Box 79292
Houston, Texas  77279

Sun Coast Resources
P. O. Box 202603
Dallas, Texas  75320

The Hanover Insurance Group
P. O. Box 580045
Charlotte, North Carolina  28258-0045

Tina Fitch
c/o Eric J. Cassidy, Attorney
909 Fannin Street, Suite 3800
Houston, Texas  77010

**"SERVICE LIST"**

**Case No. 21-31811-H5-11**

**1917 HEIGHTS HOSPITAL, LLC, DEBTOR**

**UNSECURED CREDITORS:**

TXU Energy
P. O. Box 650638
Dallas, Texas  75265-0638

UC LDBA Fund II, LLC
745 Boylston Street, Suite 502
Boston, Massachusetts 02116

U.S. Small Business Administration
1545 Hawkins Boulevard, Suite 202
El Paso, Texas  79925

WCA Waste Systems, Inc.
1330 Post Oak Boulevard, 7th Floor
Houston, Texas  77210-4524

**NOTICE ONLY:**

Internal Revenue Service
300 E. 8th Street Mail Stop 5026AUS
Austin, Texas  78701

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, Pennsylvania  19101-7346

Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711-2548

United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas  77002

**PARTIES REQUESTING NOTICE:**

Office of the U.S. Trustee
Attn:  Stephen Statham, Attorney
515 Rusk, Suite 3516
Houston, Texas  77002

Harris County
c/o John Dillman, Attorney
Tara Grundemeier, Attorney
P. O. Box 3064
Houston, Texas  77253-3064

IntegraNet Physician Resource, Inc.
c/o Alan Gerger, Attornrey
1770 St. James Place, Suite 105
Houston, Texas  77056

IntegraNet Physician Resource, Inc.
c/o Logan Johnson, Attorney
700 Louisiana, Suite 2650
Houston, Texas  77002

Frost Bank
c/o Robert L. Barrows, Attorney
800 Broadway, Suite 200
San Antonio, Texas  78215

CuraHealth Houston Heights, LLC
c/o James J. Watts, Attorney
111 Congress Avenue, Suite 1400
Austin, Texas  78701

3088664v1