

ENTERED
06/02/2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALH PROPERTIES NO. FOURTEEN, LP, | § | Case No. 21-31797 (DRJ) |
| | § | |
| Debtor.[1] | § | |
| | § | |
| | § | |

ORDER (I) APPROVING DEBTOR'S
ADEQUATE ASSURANCE OF PAYMENT TO
UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES
FOR RESOLVING OBJECTIONS, AND (III) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE

[Relates to Docket No. __5__]

The above-referenced debtor and debtor-in-possession (the "Debtor") filed the motion (the "Motion")[2] under sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, Bankruptcy Rule 9013-1(a), and the Complex Case Procedures to (i) approve the Debtor's proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establish procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; and (iii) prohibit the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtor. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order on the Motion. The relief requested by the Motion is in the best interests of the Debtor, the estates, creditors, stakeholders, and other parties in interest and the Debtor's gave sufficient and proper notice of the Motion and related hearings. Upon consideration of the Motion and First Day

---

[1] The last four digits of the Debtor's federal tax identification number are -0252. The address of the Debtor's principal place of business is 1515 Dallas Avenue, Houston, Texas 77010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

10874327

Declaration and after hearing statements in support of the Motion during proceedings before this Court, the Court finds that good cause exists to grant the requested relief.

It is therefore **ORDERED THAT:**

1. The Debtor shall serve a copy of this Order on the Utility Companies within 48 (forty-eight) hours after entry hereof.

2. The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code.

3. Except as the amount may be reduced by application of the provisions of this Order, within seven (7) business days after entry of this Order, the Debtor will (i) maintain a deposit of $25,704.40 in a separate bank account (any such account where the Debtor maintain the $25,704.40, the "Utility Deposit Account"), which is equal to approximately one half (1/2) of one month of Utility Services (the "Utility Deposit").

4. The Debtor's obligation to maintain the Utility Deposit Account shall terminate upon the earlier of (i) reconciliation and payment by the Debtor of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of utility services from such Utility Company; and (ii) the effective date of any chapter 11 plan approved in the Chapter 11 Case or such other time as this Chapter 11 Case may be closed, without further Court order.

5. The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved:

> (a)  If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve a request for additional adequate assurance (an "Additional Assurance Request") upon (i) the Debtor at ALH Properties No. Fourteen, L.P., 2901 Wilcrest Drive,

2

10874327

Suite 120, Houston, Texas 77042, Attn: Nicholas Massad, Jr., (ii) counsel to the Debtor, Porter Hedges LLP, 1000 Main, 36th Floor, Houston, Texas 77002, Attn: Eric M. English (eenglish@porterhedges.com) and Megan Young-John (myoung-john@porterhedges.com), (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, (iv) counsel to Mass Mutual, Stutzman, Bromberg, Esserman & Plifka, 2323 Bryan Street, Dallas, Texas 75201, Attn: Aguinaldo Valdez (valdez@sbep-law.com), (v) counsel to Barings, Stutzman, Bromberg, Esserman & Plifka, 2323 Bryan Street, Dallas, Texas 75201, Attn: Aguinaldo Valdez (valdez@sbep-law.com); (vi) any statutory committee duly appointed in the Chapter 11 Case, and (vii) any party required to be served under Bankruptcy Local Rule 9013-1(d) (collectively, the "Adequate Assurance Notice Parties") so that it is received no later than twenty-one (21) days after service of the Motion.

(b)     Each Additional Assurance Request must: (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtor's payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(c)     Upon the Debtor's receipt of an Additional Assurance Request, the Debtor will have fourteen (14) days from the receipt of such Additional Assurance Request (as may be mutually extended, the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request. To facilitate negotiations, the Debtor and any Utility Company may, without notice or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree. Any additional adequate assurance payments made pursuant to the Order shall be subject to and limited by the requirements imposed on the Debtor under the terms of any interim or final orders approving the use of cash collateral and the budget approved pursuant thereto.

(d)     The Debtor may resolve any Additional Assurance Request, objection, or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtor believes such additional assurance is reasonable; *provided, however*, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any statutory committee appointed in this Chapter 11 Case, Stutzman Bromberg as counsel to Mass Mutual and Barings, and the U.S. Trustee upon demand.

(e) If the Debtor and the Utility Company are not able to reach an alternative resolution within 30 days of receipt of the Adequate Assurance Request, the Debtor will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(f) Notwithstanding anything herein to the contrary, if an Adequate Assurance Request or other objection to the Adequate Assurance Procedures is made within 21 days of service of this Motion, and upon request of the Utility Company, the Determination Hearing shall occur within 30 days of the Petition Date.

(g) Pending resolution of such dispute, the relevant Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance; or (iv) the commencement of this Chapter 11 Case.

6. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures, provided, however, that nothing herein shall prejudice the right of a Utility Company to propose alternative procedures by filing a motion.

7. The Utility Companies identified on **Exhibit A** attached to this Order (the "Utility Company List"), including timely added Subsequently Identified Utility Companies, are prohibited from (i) discriminating against the Debtor, (ii) altering, refusing, or discontinuing service to the Debtor, or (iii) requiring payment of a deposit or receipt or any other security for continued service other than the Utility Deposit, as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices, or requiring the Debtor to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures contained herein.

8. If an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request in

writing a disbursement from the Utility Deposit Account (a "<u>Disbursement Request</u>"), in no case to exceed the amount of the Utility Deposit contributed to the Utility Deposit Account for the benefit of such Utility Company, by giving notice to the Adequate Assurance Notice Parties. A Disbursement Request shall only be honored on the date that is five (5) business days after the date of the Disbursement Request. To the extent a Utility Company receives a disbursement from the Utility Deposit Account, the Debtor shall replenish the Utility Deposit Account in the amount disbursed.

9. Any Utility Company that fails to submit an Additional Assurance Request or file an objection as set forth in this Order shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing service to the Debtor on account of any prepetition charges, subject to the Utility Company's rights to seek a modification of adequate assurance under section 366(c)(3) of the Bankruptcy Code.

10. The Debtor is authorized in their discretion to amend the Utility Company List hereto to add any Utility Company in accordance with section 366 of the Bankruptcy Code, and this Order shall apply to any such Subsequently Identified Utility Company that is timely added to such schedule. Notwithstanding the foregoing, the Debtor shall not add any Utility Providers to the Utility Service List after thirty days from the Petition Date. Any Utility Company added to the Utility Company List subsequent to the date of the Motion shall have the right to make an Additional Assurance Request in compliance with the Adequate Assurance Procedures as set forth in this Order. For those Utility Companies that are subsequently added to **Exhibit A**, the Debtor shall serve a copy of the Motion and this Order on such Utility Company, along with an amended **Exhibit A** that includes such Utility Company within 48 (forty-eight) hours.

10874327

11. If the Debtor no longer requires the services of any Utility Company, the Debtor is authorized, following two weeks' notice to the affected Utility Company, and the Debtor having received no objection from such Utility Company, to remove any Utility Company from the Utilities listed on **Exhibit A**, and the Debtor shall subtract from the Adequate Assurance Deposit an amount equal to one half (1/2) of the Debtor's average monthly cost for each removed Utility Company as soon as practicable. If an objection is received, the Debtor shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtor seeks to terminate or delete from **Exhibit A** unless and until the two-week notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

12. This Order shall be binding on all Utility Companies providing Utility Services to the Debtor that were timely included on the Utility Company List; provided, however, that if additional parties are added, the Debtor shall increase the amount of the Utility Deposit by an amount equal to one half (1/2) of the Debtor's average monthly cost of Utility Services provided by such Subsequently Identified Utility Company to the Debtor.

13. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on **Exhibit A** attached hereto or subsequently added to the Utility Company List.

14. This Order is without prejudice to the Debtor's rights to contest the amounts of any amounts owed to a Utility Company. Nothing in this Order or the Motion shall be deemed to

constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code.

15. Neither the provisions contained herein, nor any actions or payments made by the Debtor pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtor may have to subsequently dispute such obligation on any ground that applicable law permits.

16. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

17. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements or limitations imposed on the Debtor under any approved order regarding the use of cash collateral approved by this Court in this Chapter 11 Case, and (B) to the extent there is any inconsistency between the terms of such cash collateral order any action taken or this Order, the terms of such cash collateral order shall control.

18. The requirements set forth in Bankruptcy Local Rule 9013-1(b) and (i) are satisfied by the contents of the Motion.

19. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

22. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

23. The Court retains exclusive jurisdiction with respect to all matters arising or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 02, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

10874327

# Exhibit A

## Utility Company List

| Company | Address of Utility Provider | Description of Utility Service | Average Monthly Expense |
|---|---|---|---|
| CenterPoint Energy | P.O. Box 4981 Houston, Texas 77210-4981 | Fuel | $1,427.00 |
| City of Houston | P.O. Box 1560 Houston, Texas 77251 | Water / Sewage | $3,446.81 |
| Direct Energy | P.O. Box 660749 Dallas, Texas 75266-0220 Attn: Corporate | Electricity | $12,844.13 |
| Enwave/Brookfield District Energy USA, LLC | P.O. Box 207851 Dallas, Texas 75320, Attn: Tim Kearns | A/C Cold Water | $25,444.92 |
| Comcast (Account Ending 3766) | P.O. Box 37601 Philadelphia, PA 19101-0601 | Phone/Internet | $3,648.92 |
| Comcast (Account Ending 9858) | P.O. Box 660618 Dallas, TX 75266-0618 | Phone/Internet | $4,278.02 |
| Comcast (Account Ending 3372) | P.O. Box 660618 Dallas, TX 75266-0618 | Phone/Internet | $319.00 |

10874327