United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 19, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 21-31811 |
| | § | |
| 1917 Heights Hospital, LLC | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**STIPULATION AND AGREED ORDER
REGARDING INTEREST PAYMENT**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:

The Debtor, Arbitra Capital Partners, LLC ("Arbitra") and Platinum Heights, LLC (the "Purchaser") (collectively, the "Parties") hereby agree and stipulate as follows:

1. On June 1, 2021, the Debtor initiated the above captioned Chapter 11 proceeding. The Debtor is a single asset real estate debtor.

2. On July 22, 2021, the Debtor filed its Motion for Authority to Sell Property of the Estate Free and Clear Pursuant to 11 U.S.C. § 363(b) and to Assume and Assign Leases Pursuant to 11 U.S.C. § 365 [dkt. no. 25] ("Motion to Sell").   In the Motion to Sell, the Debtor seeks to sell certain real and personal property to Purchaser.

3. Arbitra asserts liens and claims on such real and personal property.

4. On August 4, 2021, Arbitra filed its Motion for Relief from Stay with Respect to Foreclosure on Real Property [dkt. no. 27] ("Motion for Relief from Stay").  The Debtor opposes the Motion for Relief from Stay.

5. Section 362(d)(3) provides:

[W]ith respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or

such later date as the court may determine for cause by order entered within that 90-day period)…—

    (A)  the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

    (B) the debtor has commenced monthly payments that—

    (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

    (ii)  are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3).

6.      Purchaser asserts that it presently intends to close on the sale of the property in the month of September 2021.  The Purchaser agrees to make an interest payment to Arbitra in the amount of $563,527.51 ("Interest Payment") on or before August 23, 2021, such payment to be delivered per wire instructions to be provided by Arbitra.

7.      Arbitra agrees that if it receives the Interest Payment before September 1, 2021 that the ninety day (90) period contained in Section 362(d)(3) is extended by thirty (30) calendar days, for a total one hundred and twenty (120) days.  As a result, the Debtor's time to act under Section 362(d)(3) is extended by an additional thirty (30) days.  Additionally, the Interest Payment constitutes one monthly payment calculated in accordance with  Section 362(d)(3)(B).

8.      Arbitra agrees that if it timely receives the Interest Payment that it will schedule/reschedule any hearing on its Motion for Relief From Stay (or other motion for stay relief)

to a date in October 2021.

9.      Nothing herein prevents the Debtor from filing a Chapter 11 plan at any time.

10.     The Interest Payment shall be credited against the purchase price.   The Interest Payment shall be properly credited against the debt Arbitra asserts is owed by the Debtor.

11.     The Parties will negotiate in good faith towards the Purchaser managing the building prior to the sale closing and for access to the building to clean-up the damage caused by the ruptured water pipe.

Signed:  August 19, 2021

Eduardo V. Rodriguez
United States Bankruptcy Judge

Respectfully submitted,

| /s/ Steven Shurn | By: _____ /s/ Miles Cohn* |
|---|---|
| Steven Shurn          TBN: 24013507 | H. Miles Cohn TBN: 04509600 |
| sshurn@hwa.com | mcohn@craincaton.com |
| Hughes, Watters & Askanase, LLP | Michelle V. Friery   TBN:  24040934 |
| 1201 Louisiana, 28th Floor | mfriery@craincaton.com |
| Houston, Texas 77002 | CRAIN, CATON & JAMES, P.C. |
| Telephone:    (713) 759-0818 | 1401 McKinney Street, 17th Floor |
| Facsimile:     (713) 759-6834 | Houston, Texas 77010 |
| *Cell Phone    (713) 410-2139* | Telephone:    (713) 752-8668 |
| | Facsimile:     (713) 658-1921 |
| **ATTORNEY FOR THE DEBTOR** | |
| | **ATTORNEY  FOR  ARBITRA  CAPITAL PARTNERS, LLC** |
| | *signed with permission* |

10.     The Interest Payment shall be credited against the purchase price.  The Interest Payment shall be properly credited against the debt Arbitra asserts is owed by the Debtor.

11.     The Parties will negotiate in good faith towards the Purchaser managing the building prior to the sale closing and for access to the building to clean-up the damage caused by the ruptured water pipe.


Dated: _____, 2021.




Respectfully submitted,

| | |
|---|---|
| */s/ Steven Shurn* | By: _____ |
| Steven Shurn            TBN: 24013507 | H. Miles Cohn TBN: 04509600 |
| sshurn@hwa.com | mcohn@craincaton.com |
| Hughes, Watters & Askanase, LLP | Michelle V. Friery   TBN:  24040934 |
| 1201 Louisiana, 28th Floor | mfriery@craincaton.com |
| Houston, Texas 77002 | CRAIN, CATON & JAMES, P.C. |
| Telephone:     (713) 759-0818 | 1401 McKinney Street, 17th Floor |
| Facsimile:     (713) 759-6834 | Houston, Texas 77010 |
| *Cell Phone     (713) 410-2139* | Telephone:     (713) 752-8668 |
| | Facsimile:     (713) 658-1921 |
| **ATTORNEY FOR THE DEBTOR** | |
| | **ATTORNEY FOR ARBITRA CAPITAL PARTNERS, LLC** |

| | |
|---|---|
| **Platinum Heights, LLC** | **Platinum Team Management, Inc.** |
| By: _____, **CEO** | By: _____, |
| Ryan Cole CEO/Member | **President** |
| **Purchaser** | **Ryan Cole, President** |

3