**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 21-31811 |
| | § | |
| 1917 Heights Hospital, LLC | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**STIPULATION AND AGREED**
**ORDER EXERCISING "TRUE-UP"**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTY
JUDGE:

The Debtor and Platinum Heights, LLC (the "Purchaser") (collectively, the "Parties")

hereby agree and stipulate as set forth herein.

**SUMMARY OF STIPULATION AND RELEVANT**

1.      By final order, this Court approved the Debtor's $38,688,485.39 (subject to the

post-closing true-up) sale of certain assets to Purchaser, which primarily consisted of the Debtor's

medical office building located at 1917 Ashland Street, Houston, Texas 77008 ("Medical Office

Building") [dkt. no. 44]. After payment of certain substantial secured indebtedness, the Debtor

received its net sale proceeds of approximately $3,412,415.48 at closing.

2.      Because the Purchaser agreed to a purchase price that was ultimately equal to all

allowed claims in the above captioned bankruptcy case (including without limitation,

administrative, secured, priority and unsecured claims, *but excluding* any Interests/equity claims)

("Claims") the approved sales price "true-up" concept was negotiated to address the sales

structure. The "true-up" and other material sales terms are contained in the Second Addendum to

the Purchase and Sales Agreement [dkt. nos. 25 & 44].

3.     On June 17, 2022, the balance of the Debtor's DIP account is $2,783,124.96, which primarily consists of the Debtor's net sale proceeds.  Attached as Exhibit "A" is a statement from Wells Fargo showing the DIP account balance.

4.     As generally set forth in the Debtor's approved Disclosure Statement [dkt. no. 140] and as set forth below, the Debtor presently anticipates that approximately $2,183,124.96 is necessary to pay the known allowed Claims in the case.  The proofs of claim bar date has expired.

5.     As such, the Debtor and Purchaser, subject only to Bankruptcy Court approval, hereby exercise the "true-up" [dkt. no. 25] as set forth herein.

## STIPULATION

6.     On July 22, 2021, the Debtor filed its Motion for Authority to Sell Property of the Estate Free and Clear Pursuant to 11 U.S.C. § 363(b) and to Assume and Assign Leases Pursuant to 11 U.S.C. § 365 [dkt. no. 25] ("Motion to Sell").   The Motion to Sell was approved, by this Court's final and non-appealable sale order [dkt. no. 44] ("Agreed Sale Order"). The Second Addendum to the Purchase and Sales Agreement, which contains the "true-up", contains integral and material sale terms, all of which were previously approved by the Agreed Sale Order [dkt. no. 25].

7.     The Debtor received approximately $3.4 million in net sale proceeds from the sale.  The Debtor asserts that it presently holds approximately $2,783,124.96 in its DIP account after paying certain Court approved administrative expenses, estimated post-petition Texas franchise sale taxes based upon the sale and United States Quarterly Trustee Fees.  All such expenditures from the DIP account are disclosed in the Monthly Operating Reports [dkt. no.  24, 50, 58, 67, 81, 82, 83, 126, 128 *et seq*.]  As generally contained in the Debtor's approved Disclosure Statement [dkt. nos. 138 and 140], the Debtor presently anticipates that $2,183,124.96 is likely required to

satisfy all allowed Claims in the case based upon the allowed proofs of claims contained on the official claims register, together with the allowed claims scheduled by the Debtor on its Amended Schedules [dkt. no. 71], together with the presently known and anticipated administrative expense claims.  The deadline to file proofs of claims has expired.  As such, the Parties hereby seek to exercise the "true-up" by the Debtor remitting $600,000.00 from the Debtor's net sale proceeds to Purchaser ("True-Up Funds"), thereby reducing the purchase price by $600,000.00 from $38,688,485.39  to $38,088,485.39.  The True-Up Funds shall be wired to the Purchaser within three business days of the approval and entry of this Stipulation by the Court based upon the wiring information Purchaser shall provide to Debtor.

8.      This Stipulation does not affect in any way all claims/rights either the Debtor and/or the Purchase may have against any third parties.

9.      Purchaser and Debtor further agree, acknowledge, and confirm that:

a.      Contingent only upon receipt of the True-Up Funds by Purchaser, the "true-up" contained in the Second Addendum to the Purchase and Sales Agreement [dkt. no. 25] has been properly exercised by the Parties and satisfied in full.

b.      The Purchaser certifies that: the Purchaser (nor any of its members/equity holders) does not have any claim or cause of action against the Debtor, including without limitation arising out of, under or in any way relating to the sale, any documents, instruments, agreements, dealings or other matters in connection with the sale or any actions taken or not taken by the Debtor in connection therewith.

c.      The Debtor certifies that: the Debtor (nor any of its members/equity holders) does not have any claim or cause of action against the Purchaser, including without limitation arising out of, under or in any way relating to the sale, any documents, instruments, agreements, dealings or other matters in connection with the sale or any actions taken or not taken by the Purchaser in connection therewith.

     d.     The Debtor and Purchaser each properly and fully performed and satisfied in a timely manner all of their respective obligations relating to the sale.

     e.     Contingent only upon receipt of the True-Up Funds, the Debtor hereby releases the Purchaser from any and all claims and cause of action, and likewise the Purchaser hereby releases the Debtor from any and all claims and cause of action, whether foreseen or unforeseen, known or unknown, disclosed or undisclosed, matured or unmatured, in law, equity or otherwise.

Dated: June \_\_\_, 2022.

Respectfully submitted June 22, 2022,

| | |
|---|---|
| By:    */s/ Steven Shurn* | By:    */s/ Brian Kilmer\** |
| Steven Shurn     TBN: 24013507 | Brian Kilmer     TBN: 24012963 |
| sshurn@hwa.com | Brian.Kilmer@klgates.com |
| Hughes, Watters & Askanase, LLP | K&L Gates LLP |
| 1201 Louisiana, 28th Floor | 1000 Main St. Suite 2550 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| Telephone:   (713) 759-0818 | Telephone:   (713) 815-7368 |
| Facsimile:   (713) 759-6834 | Facsimile:   (713) 815-7301 |
| *Cell Phone   (713) 410-2139* | **ATTORNEY FOR PLATINUM** |
| **ATTORNEY FOR THE DEBTOR** | **HEIGHTS, LLC** |
| | |
| By:_____ | By:_____ |
| Dr. Dharmesh Patel, Manager | |
| | Name:_____ |
| | |
| | Title:_____ |
| | *\* signed with permission* |
| | *  /s/ Steven Shurn* |

      d.     The Debtor and Purchaser each properly and fully performed and satisfied in a timely manner all of their respective obligations relating to the sale.

      e.     Contingent only upon receipt of the True-Up Funds, the Debtor hereby releases the Purchaser from any and all claims and cause of action, and likewise the Purchaser hereby releases the Debtor from any and all claims and cause of action, whether foreseen or unforeseen, known or unknown, disclosed or undisclosed, matured or unmatured, in law, equity or otherwise.

Dated: June _17_, 2022.

Respectfully submitted June 20, 2022,

| | |
|---|---|
| By: _____ | By: _____ |
| Steven Shurn      TBN: 24013507 | Brian Kilmer      TBN: 24012963 |
| sshurn@hwa.com | Brian.Kilmer@klgates.com |
| Hughes, Watters & Askanase, LLP | K&L Gates LLP |
| 1201 Louisiana, 28th Floor | 1000 Main St. Suite 2550 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| Telephone:   (713) 759-0818 | Telephone:   (713) 815-7368 |
| Facsimile:   (713) 759-6834 | Facsimile:   (713) 815-7301 |
| *Cell Phone*   *(713) 410-2139* | **ATTORNEY FOR PLATINUM** |
| **ATTORNEY FOR THE DEBTOR** | **HEIGHTS, LLC** |
| | |
| By:_____ | By:_____ |
| Dr. Dharmesh Patel, Manager | |
| | Name:_____ |
| | |
| | Title:_____ |

4

      e. Contingent only upon receipt of the True-Up Funds, the Debtor hereby releases the Purchaser from any and all claims and cause of action, and likewise the Purchaser hereby releases the Debtor from any and all claims and cause of action, whether foreseen or unforeseen, known or unknown, disclosed or undisclosed, matured or unmatured, in law, equity or otherwise.

Dated: June _____, 2022.

Respectfully submitted June 20, 2022,

| | |
|---|---|
| By: _____<br>Steven Shurn          TBN: 24013507<br>sshurn@hwa.com<br>Hughes, Watters & Askanase, LLP<br>1201 Louisiana, 28th Floor<br>Houston, Texas 77002<br>Telephone:    (713) 759-0818<br>Facsimile:    (713) 759-6834<br>*Cell Phone*    *(713) 410-2139*<br>**ATTORNEY FOR THE DEBTOR** | By: _____<br>Brian Kilmer          TBN: 24012963<br>Brian.Kilmer@klgates.com<br>K&L Gates LLP<br>1000 Main St. Suite 2550<br>Houston, Texas 77002<br>Telephone:    (713) 815-7368<br>Facsimile:    (713) 815-7301<br>**ATTORNEY FOR PLATINUM HEIGHTS, LLC** |
| By:_____<br>Dr. Dharmesh Patel, Manager | By: _____<br><br>Name: M. Baig_____<br><br>Title: Manager._____ |

4

# Initiate Business Checking℠
May 31, 2022 ■ Page 1 of 4



1917 HEIGHTS HOSPITAL LLC
DEBTOR IN POSSESSION
CH11 CASE #21-31811 (STX)
1917 ASHLAND ST STE 300
HOUSTON TX 77008-3907

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-CALL-WELLS**  (1-800-225-5935)

*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s).  Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☑ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 5/1 | $2,977,467.29 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 194,342.33 |
| Ending balance on 5/31 | $2,783,124.96 |

Account number:  6234397005

1917 HEIGHTS HOSPITAL LLC
DEBTOR IN POSSESSION
CH11 CASE #21-31811 (STX)

*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

For Wire Transfers use
Routing Number (RTN): 121000248

## Overdraft Protection

This account is not currently covered by Overdraft Protection.  If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

**EXHIBIT "A"**



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|--------------|-------------|-------------------|---------------------|---------------------|
| 5/5 | < | Business to Business ACH Debit - Quarterly Fee Payment 220504 0000 1917 Heights Hospital | | 813.84 | 2,976,653.45 |
| 5/17 | | Wire Trans Svc Charge - Sequence: 220517141913 Srf# 0006771137091496 Trn#220517141913 Rfb# | | 30.00 | |
| 5/17 | | WT Fed#04010 Trustmark National /Ftr/Bnf=Hughes, Watters and Askanase LLP Srf# 0006771137091496 Trn#220517141913 Rfb# | | 146,148.49 | |
| 5/17 | < | Business to Business ACH Debit - Webfile Tax Pymt DD 902/06132819 33311/12345/EDI/Xml - | | 47,350.00 | 2,783,124.96 |
| Ending balance on 5/31 | | | | | 2,783,124.96 |
| Totals | | | $0.00 | $194,342.33 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

< *Business to Business ACH: If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.*

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 05/01/2022 - 05/31/2022 | Standard monthly service fee $10.00 | You paid $0.00 | |
|---|---|---|---|
| How to avoid the monthly service fee | Minimum required | This fee period | |
| Have any ONE of the following account requirements | | | |
| · Average ledger balance | $1,000.00 | $2,883,116.00 | ✓ |
| · Minimum daily balance | $500.00 | $2,783,124.96 | ✓ |

C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 3 | 100 | 0 | 0.50 | 0.00 |
| Total service charges | | | | | $0.00 |



Other Wells Fargo Benefits

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

May 31, 2022 ■ Page 4 of 4



## Important Information You Should Know

• To dispute or report inaccuracies in information we have furnished to a Consumer Reporting Agency about your accounts: Wells Fargo Bank, N.A. may furnish information about deposit accounts to consumer reporting agencies. You have the right to dispute the accuracy of information that we have furnished to a consumer reporting agency by writing to us at Overdraft Collection and Recovery, P.O. Box 5058, Portland, OR 97208-5058. Please describe the specific information that is inaccurate or in dispute and the basis for the dispute along with supporting documentation. If you believe the information furnished is the result of identity theft, please provide us with an identity theft report.

• In case of errors or questions about other transactions (that are not electronic transfers): Promptly review your account statement within 30 days after we made it available to you, and notify us of any errors.

• If your account has a negative balance: Please note that an account overdraft that is not resolved 60 days from the date the account first became overdrawn will result in closure and charge off of your account. In this event, it is important that you make arrangements to redirect recurring deposits and payments to another account. The closure will be reported to Early Warning Services. We reserve the right to close and/or charge-off your account at an earlier date, as permitted by law. The laws of some states require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

ENTER
A. The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . $ _____

ADD
B. Any deposits listed in your                    $ _____
register or transfers into                        $ _____
your account which are not                        $ _____
shown on your statement.                        + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

CALCULATE THE SUBTOTAL
(Add Parts A and B)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
.                                               TOTAL $ _____

SUBTRACT
C. The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

CALCULATE THE ENDING BALANCE
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        | Total amount   $  |        |

©2021 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801